# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ALEXANDER, #K61175, ) <br> ) <br>               **Plaintiff,**  ) <br> ) <br> vs.                                       ) <br> ) <br> CHAD E. WALLS,              ) <br> KAREN JAIMET,            ) <br> LIEUTENANT FRANK,      ) <br> WARDEN LOVE,             ) <br> LIEUTENANT PIERCE,      ) <br> C/O MARTIN,                ) <br> C/O HILL,                    ) <br> C/O BYRD,                  ) <br> and C/O UROUSKI,         ) <br> ) <br>               **Defendants.**  ) | Case No. 18-cv-00622-MJR |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff Michael Alexander, an inmate who is currently incarcerated at Western Illinois Correctional Center ("Western"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that prison officials subjected him to excessive force at Pinckneyville Correctional Center ("Pinckneyville") in 2017. (Doc. 1, pp. 8-12). He brings claims against the officials under the Eighth and Fourteenth Amendments. (Doc. 1, p. 8). Plaintiff seeks monetary damages. (Doc. 1, p. 13).

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## **Complaint**

According to the allegations in the Complaint, several correctional officers used excessive force against Plaintiff at Pinckneyville on or around August 13, 2017. (Doc. 1, p. 9). Plaintiff was involved in a fight with another inmate on that date. *Id*. He sought medical treatment for a bloody nose. *Id*. While in the prison's healthcare unit ("HCU"), Officer Urouski attempted to interview Plaintiff about the fight. *Id*. Plaintiff was unwilling to speak with the officer, so Officer Urouski ended the interview. *Id*.

Lieutenant Walls entered the room in order to escort Plaintiff back to his cell. (Doc. 1, p. 9). When Plaintiff rose from the gurney where he had been sitting, Lieutenant Walls snatched him by the cuffs and pulled down hard, as if he was "trying to break [Plaintiff's] wrists." *Id*. The lieutenant said, "[Y]ou move when I say move." *Id*. Lieutenant Walls then contacted

Lieutenant Pierce and asked him to meet Plaintiff and Walls behind the maintenance building. *Id*.

When Lieutenant Pierce met Lieutenant Walls behind the building, he asked Plaintiff, "[W]hat's up guy, why you giving Lt. Walls trouble?" (Doc. 1, p. 9). Lieutenant Pierce told Plaintiff that Lieutenant Walls is "alright" because he is a fishing buddy. *Id*. Plaintiff said, "I could give a fuck less." *Id*. Plaintiff then informed Lieutenant Pierce that he did not know Lieutenant Walls, but reminded Lieutenant Pierce that "they" had history. (Doc. 1, p. 10).

Lieutenant Walls responded to this statement by snatching Plaintiff's cuffs and pulling them up fast, as though he was "intentionally trying to hurt the Plaintiff." (Doc. 1, pp. 9-10). The cuffs cut into Plaintiff's wrists and caused him to scream. (Doc. 1, p. 10). When Plaintiff asked Lieutenant Walls why he was hurting him, the lieutenant said, "[Y]ou ain't seen nothing yet." *Id*. At that, the lieutenant attempted to trip Plaintiff as he walked through the door to segregation. *Id*. He then kicked Plaintiff so hard that he broke the skin on Plaintiff's leg and caused him to fall face-first into a chair. *Id*.

Officer Martin was present at the time and attempted to use his hand to exert pressure behind Plaintiff's right ear. (Doc. 1, p. 10). Lieutenant Walls then used his knees and fists to hit Plaintiff in the ribs, back, and hips. *Id*. At the time, Lieutenant Pierce, Officer Byrd, and Officer Hill were present, but they did not intervene. *Id*.

Following the incident, Officer Martin picked Plaintiff up off the floor and escorted him to the shower. (Doc. 1, p. 12). Officer Martin told Plaintiff that Lieutenant Walls had just received bad news about his brother and took out his frustrations on Plaintiff. *Id*. The officer told Plaintiff that he did not deserve the beating. *Id*.

When Plaintiff's cuffs were removed, Plaintiff noticed that his wrists were bleeding, and he had "deep tissue" bruising. (Doc. 1, pp. 11-12). He saw Nurse Ferrari passing out medication, and he asked her for medical attention. *Id*. She stated that she already treated him for his injuries in the HCU. *Id*. Plaintiff told the nurse that he needed treatment for new injuries, and she documented the new injuries to his ribs, wrists, and thighs. *Id*. Plaintiff alleges that he still suffers from shoulder pain and headaches as a result of the incident on August 2017. (Doc. 1, p. 11).

Plaintiff also requested mental health treatment following the incident. (Doc. 1, p. 12). Kara Ratoshik[1] met with him. *Id*. When Plaintiff told her that he feared for his safety, she placed him on a 15-minute watch for five days. *Id*. He complains of his on-going struggles with "phobias" and "fears" of future attacks by officers. (Doc. 1, p. 11).

Plaintiff now claims that the defendants subjected him to excessive force and/or failed to protect him from it, in violation of the Eighth Amendment. (Doc. 1, pp. 8, 11). He claims that he was singled out for the beating by prison officials because of his race, in violation of his right to equal protection of the law under the Fourteenth Amendment. (Doc. 1, pp. 11-12). He also asserts that the defendants conspired to retaliate against him by depriving him of his constitutional rights. *Id*.

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

---

[1] This individual is not named as a defendant in the caption of the Complaint or in the list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

deems it appropriate to re-organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment claim against Defendants for using excessive force against Plaintiff at Pinckneyville on August 13, 2017.
>
> **Count 2 -** Eighth Amendment claim against Defendants for failing to intervene and stop the use of excessive force against Plaintiff at Pinckneyville on August 13, 2017.
>
> **Count 3 -** Fourteenth Amendment claim against Defendants for denying Plaintiff equal protection of the law by singling him out for mistreatment because of his race on August 13, 2017.
>
> **Count 4 -** Conspiracy to retaliate claim against Defendants for depriving Plaintiff of his constitutional rights on August 13, 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. **Any claim encompassed by the allegations in the Complaint but not identified above should be considered dismissed without prejudice from this action.**

## Claims Subject to Further Review

### Count 1

A prison guard's intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate bringing an excessive force claim must show that an assault occurred and that it was carried out maliciously and sadistically instead of in "'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in the Complaint satisfy this standard for screening purposes against Lieutenant Walls

5

and Officer Martin, both of whom used force against Plaintiff that could be considered excessive on August 13, 2017. (Doc. 1, pp. 8-12). However, this claim shall be dismissed without prejudice against all other defendants because no one else is identified in connection with the use of force against Plaintiff.

**Count 2**

To state a failure-to-protect claim under the Eighth Amendment, Plaintiff must allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm (*i.e.*, an objective standard), and (2) the defendant acted with deliberate indifference to that risk (*i.e.*, a subjective standard). *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As for the objective component, the Seventh Circuit has held that a generalized risk of violence does not support an Eighth Amendment claim. *Brown*, 398 F.3d at 909; *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Plaintiff must allege a "tangible threat to his safety or well-being." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The harm described in the Complaint, *i.e.*, an actual assault by prison officials, satisfies this standard.

The subjective component of this claim requires the plaintiff to prove that prison officials were aware of a specific, impending, and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). This occurs when the defendants were aware of a substantial risk that those who assaulted Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Plaintiff alleges that several officers were present while Lieutenant Walls and/or Officer Martin used excessive force against him. This includes Officer Urouski, Officer Martin, Lieutenant Pierce, Officer Byrd, and Officer Hill. According to the allegations, all of these defendants could have intervened to stop the use of

excessive force against Plaintiff, but they chose not to do so. (Doc. 1, pp. 8-12). This claim is subject to further review against these defendants, but shall be dismissed against all other defendants without prejudice for failure to state a claim upon which relief may be granted.

**Count 3**

To state a Fourteenth Amendment equal protection claim, a plaintiff must show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently than members of the unprotected class. *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001) (citations omitted). *See also Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009). "[P]laintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez*, 251 F.3d at 635-36.

Alternatively, a plaintiff may bring a "class-of-one" discrimination claim. A plaintiff bringing this type of claim must allege that he "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Id.* at 943. In order to state a plausible claim, the plaintiff must "negate any reasonably conceivable state of facts that could provide a rational basis" for the treatment. *Jackson v. Village of Western Springs*, 612 F. App'x 842, 847 (7th Cir. 2015).

The allegations suggest that Plaintiff was treated differently by Lieutenant Walls because of his race. Plaintiff claims that the lieutenant singled him and beat him on August 13, 2017. Although he alleges that the lieutenant was motivated by Plaintiff's race, Plaintiff also alleges that Lieutenant Walls beat him because he was frustrated by bad news he received about his brother. Although the Court takes no position regarding the outcome of this claim, the Court

finds that Count 3 survives screening against Lieutenant Walls. This claim implicates no other defendants and shall therefore be dismissed without prejudice against them.

## Claim Subject to Dismissal

### Count 4

Although civil conspiracy claims are cognizable under § 1983, the Complaint fails to state a claim against the defendants in this case. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). In conclusory fashion, Plaintiff alleges that the defendants conspired to retaliate against him by violating his constitutional rights. (Doc. 1, p. 8). However, Plaintiff cannot rely on bald assertions or conclusory legal statements when bringing a § 1983 claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). He must state a plausible, not merely a possible, claim against the defendants. *Twombly*, 550 U.S. at 570. He must demonstrate a "concerted effort" between the parties. *Whitlock v. Brueggemann*, 682 F.3d 567, 577 (7th Cir. 2012). It is not enough for the conspirators to share the same objective. A conspiracy requires that there be an agreement, express or implied, to reach a desired result. *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (citing *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979)). Vague and conclusory allegations do not sustain Plaintiff's burden, even at the pleading stages. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Count 4 shall therefore be dismissed without prejudice against the defendants for failure to state a claim upon which relief may be granted.

## Parties Subject to Dismissal

Plaintiff names several defendants in the caption of the Complaint, but fails to mention these individuals in the statement of his claim, including Warden Karen Jaimet, Warden Love, and Warden/Lieutenant Frank. Merely invoking the names of potential defendants is not

sufficient to state a claim against those individuals. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Furthermore, these defendants cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because they are wardens of the prison. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville*, 266 F.3d at 740 (quoting *Chavez.* 251 F.3d at 651). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Under the circumstances, Warden Jaimet, Warden Love, and Warden/Lieutenant Franks shall be dismissed without prejudice from this action.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as unnecessary. Because Plaintiff is proceeding *in forma pauperis* in this *pro se* § 1983 suit, the Court will order service on the defendants as a matter of course.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening and will receive further review against Defendants **WALLS** and **MARTIN**; **COUNT 2** survives screening and will receive further review against Defendants **UROUSKI, BYRD, HILL, MARTIN** and **PIERCE**; and **COUNT 3** survives screening and will receive further review against Defendant **WALLS**. However, **COUNTS 1, 2,** and **3** are **DISMISSED** without prejudice against those defendants

who are not named in connection with each claim because the Complaint does not state a claim for relief against these defendants.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief may be granted in this Court.

With regard to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for the Defendants **WALLS, UROUSKI, BYRD, HILL, MARTIN** and **PIERCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's

Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2018**

s/ MICHAEL J. REAGAN  
**Chief Judge**  
**United States District Court**
