IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-622-SMY ) |
| CHAD E. WALLS, LIEUTENANT PIERCE, C/O MARTIN, C/O HILL, C/O BYRD, and C/O UROUSKI, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Defendants Chad E. Walls, Charles Pearce, Joseph Martin, Scott Hill, Melissa Byrd, and Jon Uraski's[1] Motion for Summary Judgment (Doc. 60) and Plaintiff's opposition to the motion (Doc. 68). For the following reasons, the motion is **GRANTED in part**.

### Factual Background

The following material facts are undisputed unless otherwise noted: During the relevant period, Alexander was an inmate at Pinckneyville Correctional Center (Alexander Deposition, Doc. 61-1, p. 13). Defendants were all staff members of Pickneyville: Lt. Pierce and Lt. Wall were Lieutenants; Urouski as an Intelligence Officer; and the remaining Defendants were Correctional Officers. On August 13, 2017, Alexander was involved in a fight with another inmate (Doc. 61-1, pp. 31-32). After the fight ended, Wall escorted Alexander to the Health Care Unit ("HCU") for a follow up screening (Doc. 61-1, pp. 34, 36). Alexander was treated at the HCU for a scratch

---

[1] Defendants' names are different in the caption than in the motion. For clarity, the names are spelled herein as they are currently listed in the caption and on CM/ECF.

on his nose (Doc. 61-1, p. 37). Alexander alleges that Wall aggressively yanked his handcuffs while at the HCU (Doc. 61-1, pp. 43-45). After the HCU screening, Wall escorted Alexander back to the segregation unit (Doc. 61-1, p. 48). Alexander alleges that when they arrived at the segregation unit, Wall assaulted him by striking his shins five times, kneeing him twice in the ribs, and punching him at least three times in the neck and back (Doc. 61-1, pp. 48-52, 55-56). Martin allegedly joined the assault by applying pressure behind Alexander's right ear (Doc. 61-1, pp. 51-52). The Declaration of another inmate, Channing J. Butler, alleges similarly that such an assault occurred (Doc. 70-12). Alexander also alleges that the remaining Defendants stood by and watched instead of intervening (Doc. 61-1, pp. 52-55). He alleges the following injuries: two lacerations on his wrists, gash to his shin, shoulder injury, whiplash, nerve damage, possible bruising, headaches, recurring nightmares, and post-traumatic stress disorder (PTSD) (Doc. 61-1, pp. 48-50, 66, 70).

## Discussion

Alexander filed the instant lawsuit pursuant to 42 U.S.C. § 1983 (Doc. 1). He is proceeding on three counts:

Count One: Eighth Amendment claim against Lt. Wall and CO Martin for using excessive force against Plaintiff at Pinckneyville on August 13, 20217.

Count Two: Eighth Amendment claim against CO Byrd, CO Hill, CO Martin, Lt. Pierce, and CO Urouski for failing to intervene and stop the use of excessive force against Plaintiff at Pinckneyville on August 13, 2017.

Count Three: Fourteenth Amendment claim against Lt. Wall for denying Plaintiff equal protection of the law by singling him out for mistreatment because of his race on August 13, 2017.

(Doc. 10).

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact or where the non-moving party "has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

## Count 1: Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). To prevail on an excessive force claim, a plaintiff must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Id.* at 40 (*citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 38. In other words, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37-38. *See also Dewalt v. Carter*, 224. F.3d 607, 620 (7th Cir. 2000); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994).

Alexander alleges that Lt. Wall and CO Martin subjected him to excessive force by punching him in the back of the head and neck. Defendants argue the assault could not have occurred because of Alexander's lack of injuries. Specifically, they point to Alexander's medical records indicating that when he visited the HCU the day of the incident, he told medical staff, "I'm fine" and he was resting, made no complaints of pain or discomfort and refused vital signs (Doc.

61-7, p. 2). His medical records from the next three days indicate no injuries (Doc. 61-7, pp. 2-5). The only notation of injury was on August 16, 2017: a bruise on the right thigh and two scabs (Doc. 61-7, p. 55). But as previously noted, Alexander is not required to establish that he suffered serious injuries to sustain his claim. And the extent to which the medical records support his version of the events is a question of fact to be weighed by the jury. Alexander's testimony, corroborated by Declaration of inmate Channing Butler, creates a material issue of fact precluding summary judgment with respect to the excessive force claim.

### Count 2: Failure to Intervene

Prison officials have a duty to protect prisoners from violence. *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994). To prevail on an Eighth Amendment failure to protect claim, a prisoner must demonstrate that prison officials were deliberately indifferent to his welfare, effectively condoning the attack by allowing it to happen. *Haley v. Gross*, 86 F.3d 630, 640-641 (7th Cir. 1996). The plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Alexander claims that CO Martin, CO Byrd, CO Hill, Lt. Pierce, and CO Urouski failed to protect or intervene against Lt. Wall's excessive force. Because these defendants deny witnessing any altercation between Lt. Wall and Alexander, a material issue of fact exists as to this claim that can only be resolved by a jury.

### *Qualified Immunity*

Defendants assert that even if an assault occurred, they are entitled to qualified immunity. Governmental officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher,* 267 F.3d 648, 652 (7th Cir. 2001). For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender,* 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)). The record contains facts from which a jury could reasonably conclude that Lt. Wall and CO Martin violated Alexander's constitutional rights by striking his shins five times, kneeing him twice in the ribs, punching him at least three times in the neck and back, and applying pressure behind his ear, without a penological justification for doing so. And, at the time in question, the unconstitutionality of the use of excessive force in this context was clearly established and should have been known to these two officers and the remaining defendants that observed the altercation. *Thomas v. Stalter,* 20 F.3d 298, 302 (7th Cir. 1994) (where an officer punched an inmate in the face while he was restrained causing pain and exacerbation of a dental condition). Thus, Defendants are not entitled to qualified immunity.

**Count 3: Fourteenth Amendment**

Pursuant to the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. To assert an equal protection claim, a prisoner must allege that he is a member of a protected class and that the prison treated him less favorably than other prisoners not in the class but who are similarly situated. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Harris v. Greer*, 750 F.2d 617, 618-19 (7th Cir. 1984). Alexander testified that he felt Lt. Wall judged him because of his race (Doc. 61-1, p. 72). However, the record lacks evidence that Lt. Wall intentionally or purposefully discriminated against him. Therefore, summary judgment will be granted with respect to Count 3.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 60) is **GRANTED** with respect to Count 3; it is **DISMISSED with prejudice**. The motion is **DENIED** with respect to Counts 1 and 2. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this case. This case will be set for a status conference by separate order.

**IT IS SO ORDERED.**

**DATED: October 3, 2022**

**STACI M. YANDLE**
**United States District Judge**